May Term,
1856.

WRIGHT
v.
FIELD.

---

WRIGHT and Others *v.* FIELD.

In a suit against a bank organized under the general banking law, to recover the amount of a deposit, the stockholders may properly be joined as defendants; yet it is not necessary that they should be.

Though the stockholders, in such suit, may not have been made parties, yet they are bound by the judgment, in an action against them individually, after a failure to make the money from the bank.

*Monday,
May 26.*

APPEAL from the *Cass* Court of Common Pleas.

PERKINS, J.—Suit against the *Wabash Valley Bank* and the stockholders thereof, jointly, to recover the amount of a deposit not paid on demand. Judgment below for the plaintiff, to be levied first of the property of the bank, and, failing, &c., then upon, &c. The stockholders demurred to the complaint, on the ground that a joint suit could not be maintained, at least in the first instance, against the bank and the stockholders. They contend that the bank should be prosecuted to insolvency, before recourse had upon the stockholders. This is the only point in the case.

The general banking law, under which the *Wabash Valley Bank* was organized, and which is, therefore, its charter, contains these sections:

"SEC. 24. All persons having demands against any such association, may maintain actions against the president thereof; which suits or actions shall not abate by reason of the death, resignation or removal from office of such

president, but may be continued and prosecuted to judgment against his successor; and all judgments and decrees obtained or rendered against such president for any debt or liability of such association, shall be enforced first against the joint property of the association, and which property shall be liable to be taken and sold by execution under any such judgment or decree.

"Sec. 25. Every shareholder of any such association shall be liable in his individual capacity for any contract, debt or engagement of such association, to an amount over and above his stock equal to the amount of his shares of such stock."

These sections authorize a suit against the bank, make the stockholders individually liable, and, where there is judgment against the bank, require it to be *first* levied of the property of the institution, thereby implying that upon the same judgment execution may be had against individual property. Still, they do not, with any precision, settle the question of parties, and we have been able to find no decision aiding us much in determining it. *Bogardus* v. *The Rosendale Manufacturing Company*, first reported in 4 Sandf. R. 89, (Superior Court of *New-York* city,) and again in 3 Selden (N. Y.) R. 147, (Court of Appeals,) slightly favors the joinder of the corporation and the stockholders in the same suit. The Superior Court decided against the right of such joinder in that case. The Court of Appeals reversed the decision, holding the contrary. The charter in question in that suit differed somewhat from our free bank law, and the suit was in chancery. But the reasoning of the Court of Appeals has some bearing upon the present case, and the chancery rule as to parties prevails in our consolidated system of practice. Section 18, p. 31, 2 R. S. 1852, reads thus:

"Any person may be made a defendant who has, or claims, an interest in the controversy, adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved."

It is consistent with the letter and spirit of this section, to join the stockholders in a suit with the bank, and it

would seem that they should not complain of such joinder. Were the suit against the bank only, the stockholders would be bound by the judgment in it against the bank, in a suit against them, after failure to make the money of the bank. *Angell* and *Ames* on Corporations, pp. 487, 488, 494. See *Roswell* v. *Simonton*, 2 Ind. R. 516, and *Sherry* v. *Sansberry*, 3 Ind. R. 320. Hence, it would seem that they should not object to having an opportunity to defend in relation to such judgment.

We do not say that it is necessary to join the bank and stockholders in the same suit. A party may, perhaps, if he prefers so to do, first sue the bank alone. What we decide is, that such joinder is not error, but, on the contrary, peculiarly proper; the judgment in the cases severally, when for the plaintiff, being leviable first of the goods and chattels, &c., of the bank.

*Per Curiam.*— The judgment is affirmed, with 2 per cent. damages and costs.

*D. D. Pratt*, for the appellants.

*L. Chamberlain*, for the appellee.